UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT FOLSOM, | Case No. 2:23-cv-02106-RFB-DJA |
| Plaintiff, | **ORDER** |
| v. | |
| JANET YELLEN, SECRETARY OF TREASURY, | |
| Defendant. | |

Before the Court is the Motion to Dismiss (ECF No. 10) filed by Defendant Janet Yellen, United States Secretary of the Treasury ("the Secretary"). For the following reasons, the Court grants the motion and dismisses the Complaint (ECF No. 1) with prejudice.

On December 21, 2023, Plaintiff Robert Folsom filed a submission styled "Equity Complaint for Conversion of Property" ("the Complaint"). ECF No. 1. In that document, Mr. Folsom avers that he is the beneficiary of an alleged common law trust. Id. Mr. Folsom further alleges that the Secretary is the trustee of that trust and argues that the Trading with the Enemy Act ("the Act"), 50 U.S.C. § 4301 *et seq.*, provides a basis for the Court to return the alleged trust to him. Id. Attached to the Complaint is a document purporting to be a promissory note from Mr. Folsom promising to pay "the Clerk of the United States District Court" twenty-five million U.S. dollars. Id. His concurrently filed civil cover sheet indicates that his causes of action are 50 U.S.C. § 4309(a); 28 U.S.C. §§ 2041, 2042. ECF No. 1-1. No basis of jurisdiction is identified. Id. On February 28, 2024, the Secretary filed the instant Motion to Dismiss. ECF No. 1. The matter was fully briefed. ECF Nos. 12, 13, 14. The Court's Order follows.

Motions to dismiss are governed by the following standard. An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Ninth Circuit has instructed that "pro se pleadings . . . are to be liberally construed on a motion to dismiss." Capp v. County of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019).

The Court now turns to the merits of the Secretary's Motion to Dismiss. The Secretary argues that the Complaint should be dismissed because (1) the Court lacks subject matter jurisdiction and (2) Mr. Folsom has failed to plead a claim under the Act. Mr. Folsom argues that § 4309(a) authorizes his suit and that he has pleaded sufficient facts to sustain his claim.

The Act was created by Congress to allow allied and non-enemies to recover property vested with the United States during the Great War and the Second World War. See Schilling v. Rogers, 363 U.S. 666 (1960) (discussing the history, purpose, and functions of the Act). The Act includes a waiver of sovereign immunity. § 4309(a); Jackson v. Irving Tr. Co., 311 U.S. 494, 500 (1941) (noting the waiver of sovereign immunity). Section 4309(a) is the only provision of the Act providing recourse to the Courts. That section provides that "any person not an enemy or

1 ally of enemy" may sue in equity for the return of vested property. § 4309(a). The terms "enemy" and "ally of enemy" are defined relative to any "nation with which the United States is at war[.]" § 4302. However, the waiver of immunity only applies where "the Alien Property Custodian has 'seized' property, or when such property has been 'conveyed' or 'transferred' to the Custodian." § 4309(a); Tran Qui Than v. Regan, 658 F.2d 1296, 1301 (9th Cir. 1981) (holding the plaintiff's claim could not be reviewed under the Act because it "provides a means 'through which eligible persons may seek recovery of property seized under the [Act.]'").

The Court finds that Plaintiff has failed to plead an essential element of § 4309(a). Here, there is no non-conclusory allegation that relevant property has been "conveyed, transferred, assigned, delivered or paid[,] or otherwise seized by the United States government." Tran Qui Than, 658 F.2d at 1301. Plaintiff's vague allusions to a "trust" created under the Act or the attachment of a promissory note to the complaint creates no such allegation. Finally, the Court finds Mr. Folsom's claim is frivolous and declines to grant leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss (ECF No. 10) filed by Defendant Janet Yellen, United States Secretary of the Treasury, is **GRANTED.** The Complaint (ECF No. 1) is **DISMISSED with prejudice.** The Clerk of Court is instructed to close this matter accordingly.

**DATED:** September 29, 2024.



_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**